GEORGE LA BOMBARD, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 32639.) — This is an appeal by the claimant from a judgment of the Court of Claims which, after a trial, dismissed his claim for injuries and damages allegedly sustained as the result of an assault committed on him by a member of the State Police. According to claimant's testimony, in the late evening of March 20, 1954 while operating his motor vehicle on Campbell Drive in the Town of Colonie, two uniformed members of the State Police on patrol duty in the vicinity commanded him to stop, whereupon one of them then approached his automobile, forcibly pulled him from the front seat thereof, placed him in the rear seat of the patrol car and beat him with his fists as a result of which he sustained a fracture of the right condyle. A few moments earlier the same State Troopers had stopped claimant on the nearby Albany-Schenectady road for a traffic violation which involved the operation of his motor vehicle in an easterly direction in one of the lanes thereon reserved for westbound traffic. This dereliction, claimant contended, was due to his miscalculation of the location of the entrance to Campbell Drive. Claimant testified that he was not given a traffic summons at that time but was simply admonished by the senior member of the patrol team and released. According

to the testimony of this State Trooper, claimant was then charged with reckless driving. Claimant also contended that prior assaultive propensities of the State Trooper whom he charged with beating him had received judicial cognizance. The accused member of the State Police unequivocally denied that he had assaulted claimant in any manner, at any time. His testimony was corroborated by his fellow trooper who was present on both occasions on which claimant was apprehended by them. According to the testimony of the State Police, claimant, after he had brought his vehicle to a stop on Campbell Drive, alighted from it, walked toward them with staggering gait, reviled them, attempted to strike one of them with his fist, missed his target and fell to the ground. There is evidence in the record that the result of a drunkometer test which was performed with claimant's consent in the State Police substation to which he was taken after his arrest on charges of driving while intoxicated and disorderly conduct disclosed the presence of 0.225% alcohol in his blood. Subsequent trials in the Justices' Court on these charges resulted in claimant's acquittal of the former and his conviction of the latter. There is other testimony by a third member of the State Police on duty at the substation that there was an odor of alcohol on the breath of claimant, that his conduct was boisterous and his language profane. Essentially, the Trial Judge was confronted with the problem of evaluating the veracity of interested witnesses. He heard their testimony and observed their demeanor — opportunities not available to us. The prompt disposition which he made of the issue at the close of the evidence demonstrates neither an instinctive nor an impulsive acceptance of the version of the employees of the State. We perceive no reason to disturb the finding of the court below that the claimant failed to prove his case by a fair preponderance of the credible evidence. Judgment unanimously affirmed, without costs. Present — Coon, J. P., Gibson, Herlihy, Reynolds and Taylor, JJ.